Dear Sen. Robichaux,
You requested the opinion of this office concerning a proposed expenditure from the Section 201 Petition Fund (the "Fund"), created in the State treasury by Act 19 of the Second Extraordinary Session of 2000. Act 19, amending and reenacting R.S. 56:305 and enacting R.S. 56:16, provides for an increase in the crab trap gear fee, beginning November 15, 2000 and continuing through December 31, 2001. The proceeds of the increased fee are to be deposited into the Fund to be used by the Department of Wildlife and Fisheries (the "Department") "solely to assist efforts by the department, the Blue Crab Coalition, or attempts by other entities, including payment of legal fees incurred, to secure federally imposed tariffs, quotas, or both on imported crabmeat."
You advised that the Blue Crab Coalition (the "Coalition") has submitted an invoice to the Department for Louisiana's share of legal fees incurred. Your question is whether payment can be made by a BA-7 or whether a specific appropriation is needed?
Monies which have been deposited in the State treasury may only be withdrawn pursuant to an appropriation. Article III, Section 16 and Article VII, Section 10 of the Louisiana Constitution. There is no appropriation in the General Appropriations Act, Act No. 11
of the Second Extraordinary Session of 2000 ("Act 11"), for any payments to the Coalition nor any appropriation payable from the Fund.
Section 2 of Act 11 states in pertinent part as follows:
 All money from federal, interagency, statutory dedication, or self-generated revenues shall be available for expenditure in the amounts herein appropriated. Any increase in such revenues shall be available for allotment and expenditure by an agency on approval of the commissioner of administration and the Joint Legislative Committee on the Budget.
As there is no appropriation from the Fund, the Joint Legislative Committee cannot increase the appropriation through a BA-7; accordingly, the legislature must enact a specific appropriation in order to pay any legal fees that Louisiana incurred in order "to secure federally imposed tariffs, quotas, or both on imported crabmeat".
It must be noted that if the Department did not have a contract with the lawfirm, it cannot pay any legal fees properly due and owing by the State unless the Department obtains the approval of the commissioner of administration and the concurrence of the Attorney General in accordance with R.S. 39:1524. We have been advised that the lawfirms' efforts did not result in a federally imposed tariff and/or quota, but rather in a countervailing duty; if this information is correct, we would suggest that the language set forth in R.S. 56:16 be amended to accurately reflect for what purposes the monies in the Fund can be used.
Trusting this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ___________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH
xc: James Patton